Martin J.
(sitting for O’Neall J.*) It is somewhat remarkable, that for the4 last half century, at least, almost every distinguished jurist and elementary writer, who has investigated the question presented by the first ground of appeal, in this case, *104 has pronounced the prevailing rule in England, au anomaly: and yet, such is the reverence for the common law, that, except in some few American cases, it is still adhered to pertinaciously.
At a former period, when the interest of a witness, however contingent and remote, rendered him incompetent, there may have been some plausibility in rejecting a prosecutor, or person whose name was alledged to have been forged. Yet even at that day such a rule was at war with analagous principles never disputed. In larceny, the competency of the person claiming the goods stolen has never been denied: and in indictments for forcible entry and detain-er, the person ejected has always been received as a competent witness: and in the former, restitution of the goods, and in the latter, restoration of the premises, has been exercised, I believe, by every Court having jurisdiction of those offences.
In England, the objection became more reasonable, when the Courts adopted a rule, impounding the instrument the forgery of which had been established by the verdict of a jury. Because the interest of the prosecutor in the conviction of the prisoner, had now become as certain as his oath could render it. The conviction of the offender placed the instrument beyond his control, and that Court which condemned and ordered it to be impounded, could not, without being inconsistent with itself, and derogating from its own character, allow it to become the subject of another controversy. But this was only a rule of practice, the origin of which I have been unable to ascertain, and although it has since been abandoned, the rule of evidence which grew out of it, or was sustained by it, still prevails, notwithstanding the great revolution in opinion as to what constituted a valid objection to the competency of a witness. The propriety and correctness of the distinction which has been established of late years, and now so well understood, as effecting the competency and credibility of a witness is now, I believe universally admitted. And yet that distinction has not reached except in a few instances *105 Cue question now before us. I cannot but suppose, however, that even in England they are desirous of surrendering a ground they are so wholly unable to sustain by reason or argument, since they allow the witness to be sworn as to any fact material to the issue, except the forgery. And as to the soundness of that distinction, I am'sure all must agree with the judge w’ho tried this case, who says on this point, that it “ renders the rule purely arbitrary without a reason tó sustain it: for if the interest in the event of the prosecution is the ground of exclusion, the same interest exists as an objection to him in relation to every fact which may be necessary to the prisoner’s guilt.” See also the State v. Hinson, May Term, 1829.
I cannot suppose it necessary to pursue this view of the subject further. The reasons assigned for the decision on the circuit in the report, and the argument of Mr. Justice Johnson in the State v. Hinson before referred to, and the authorities cited, would seem to divest the question of all doubt.
■ But we are constrained to admit, that the practice on the'circuit since the establishment of Courts of judicature, has been in conformity with the English rule. Before the revolution it was not the habit to scrutinize very closely the reason or fitness of opinions received from the mother .country. The legislature required that the practice should conform as nearly as practicable to that of the Courts of Westminster, and this rule, like many others perhaps, was adopted without much investigation, and has acquired stability by its antiquity. I know of but one exception to this uniform practice. In the State v. Barton at Barnwell, Spring Term, 1831,1 assumed the responsibility of receiving the prosecutor as a witness, and I was anxious that the question should then be made in this Court, but the counsel acquiesced.
This case then presents the question, whether the Court will now declare,what they believe thelaw should be on principle, (but which the counsel says will be new law,) or adhere to a practice which they admit has always heretofore prevailed., The term, new *106 *aW>as use(l hy the counsel, I take to be misapplied* A new law can only originate, I presume, from a source having the power to enact, a power neither possessed nor desired by this Court. But when this Court give their assent to any principle, if they be correct, it is only a declaration of what the law is, and an expression of their belief, that opinions and rules thus denied Avere founded in error.
No one will dispute the great importance of fixed and well-defined principles of municipal law. Some have carried their opinions on this subject so far as to insist, that few changes óf old and well known laws, produce beneficial results; insisting that if the laws be permanent and well known, the objects of society are as effectually promoted as they can be by experiments in legislation. I cannot consent to go so far, but these opinions Avill suggest to every one, the propriety of great caution in the introduction of any principle affecting the liberty, property or life of a citizen.
To adhere to principles well established, and long accjuiescedin, has been a cardinal rule with our Courts, and they have rarely departed from it, never, I believe, but upon conviction after thorough investigation, that they were either not well founded, or Avere inapplicable to our situation and circumstances. It Avas under the influence of the same rule that in the case of Sorter v. S.teene, in this Court, at Dec. Term, 1830, they held the following language :
“It has been strongiyurged that the direct and plain import of the 30th clause, of the act of 1731, is to make the copies of deeds, duly proved and recorded, as good evidence as the originals — that the case of Purvis and Robinson, decided in 1795, was founded on an obvious misconstruction and ought not to be considered as obligatoryon this Court, especially as it has been regretted as inconvenient and injurious to the citizens. Certainly if Ave were for the first time to construe the act, we could not give it the meaning which was attributed to it, in the case of Purvis' v. Robinson. I do not suppose, hoAvever strongly inclin *107 ed “ stare decisis,” that one or more decisions of this Court can repeal an act of the Legislature. If decisions have been inadvertently made in contradiction to a statute, it is our duty to correct the error on being made aware of it. Our decisions are evidence of the law — a statute makes a law of itself. Yet it is certain that even statutes may be repealed by long disuse, evidenced by decisions in Courts; and it is safer to leave to the legislature the task of bringing back the law, to what they may conceive to be just principles, than to unsettle by our decisions those principles on which the people have been accustomed to rely for their security. For a period of thirty-five years, it has been considered the settled law of th,e State, that an attested copy of a recorded deed, is no evidence, without proof of the loss of the original, and hundreds of decisions have been made in conformity to it. I am not aware that it was questioned, until the case of Peay v. Picket, 3 M’Cord, 328, in which the doctrine was affirmed. I do not conceive that we are at liberty to depart from the settled rule, whatever may be our opinion on the act of 1731.”
These observations are peculiarly applicable to this case. No one, I believe, can refer to a single ease except that of Barton, before cited, and the one now under consideration, where the witness has been received. Here then, I may say, has been an uninterrupted practice for fifty years: the opinion of every judge who has presided on the circuit, and an acquiescence of the bar so universal, that the question has never before been directly made in this Court. Many of the most eminent of the profession, have all this time been members of the Legislature, and although they, as well as the community, were well aware of this rule of evidence, it has not only not been altered, but so far as I know, the attempt has not been made. Then, although I cannot admit the English rule to be founded in reason, to be consistent with general rules, to form properly an exception, or that it is applicable to our society or government, I must say these facts lead me to the conclusion, that those whose business *108 and duty it is, to prescribe a different one, prefer it ft1 any other; and with these impressions, I do not feel at liberty to depart from the ancient and undisturbed practice.
If the point had been directly made in the State v. Hinson, and the Court had been unanimous, I should have felt bound by the opinion, as I am convinced by the argument of the Court. But it was discussed incidentally, and Mr. Justice Nott dissented.
It deserves consideration too, that when put on his trial, the defendant supposed he was to be tried by a rule with which all professional men, at least were acquainted. It is possible, though scarcely probable, that he might be sacrificed in establishing a principle, new at least among us in practice, and for the application of which he was unprepared.
On the first ground of appeal therefore I am of opinion that a new trial should be granted.
Johwsojv, J. concurred.

 An act of the last session of the Legislature (A. A. 1832, p 48) provides “that where an appeal shall hereafter be taken in any case, tried before one of the Judges of the Court of Appeals, sitting, as a circuit Judge or Chancellor, such Judge shall not sit upon the trial of said appeal, undone of the Circuit Judges or Chancellors, shall be called in by the Court, in the room of said Judge of the Court of Appeals.”
Judge O’Neall having presided on the Circuit on’ the trial of this, and other cases of this Term, Judge, Martin was therefore “called in by the Court,” to sit in his stead, on the hearing- of the Appeals in these cases.